IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CT-3301-FL

| | | |
|---|---|---|
| HUNTER KEITH POTTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAPTAIN CHRISTOPHER FOWLER, | ) | |
| EMILY BENTON, SHERIFF BRIAN | ) | |
| CHISM, SHERIFF JOHN INGRAM, | ) | |
| BRUNSWICK COUNTY DETENTION | ) | |
| CENTER EMPLOYEES, WELLPATH | ) | |
| EMPLOYEES, and BRUNSWICK | ) | |
| COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint December 20, 2024, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and on plaintiff's motions to amend complaint (DE 6, 8, 9, 17), for copies of filings (DE 12), to consolidate cases (DE 22), and for subpoenas (DE 24).

**COURT'S DISCUSSION**

A.  Standard of Review

The court begins with the initial review under 28 U.S.C. § 1915(e)(2)(B), in which the court will address the claims in plaintiff's original complaint (DE 1), first and second proposed amended complaints (DE 6, 17), and motions to amend (DE 8, 9). Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and

dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1] "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

In addition, when a party proceeds pro se, the pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

B.   Original Complaint (DE 1)

Turning first to plaintiff's original complaint, he alleges the following the claims:

1) Defendant captain Fowler "put forth policies that have grossly interfered with my access [to the courts] to file cognizable claims";

2) Defendant Emily Benton "has been responsible for my health while detained and incarcerated, and has not met the required care of my serious medical needs";

---

[1] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

3) Defendant sheriff Chism "has failed to train at least seven deputies in the laws of the country and state whereby violating my constitutional rights, breaking and entering my curtilage, assaulting me, false imprisonment, and bodily injury"; and

4) "I was taken into custody multiple times either for lack of due process and/or with excessive force, resulting in unnecessary tasing, [mace], scrapes, lacerations, loss of dexterity in [fingers]."

(Compl. (DE 1) at 5–6). These claims are conclusory labels and assertions devoid of further factual enhancement, and as a result they cannot survive initial review. See Iqbal, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

C.   First Amended Complaint and Motions to Amend

By his first amended complaint (DE 6, hereinafter, "FAC"), plaintiff provides some additional details, but he again fails to allege the required elements of his claims. As to the first claim alleging denial of access to the courts, it is true that inmates must be allowed "adequate, effective, and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). But in order to establish such a claim, a plaintiff must allege that he suffered "actual injury." See Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston Cty., 434 F.3d 725, 728 (4th Cir. 2006). The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 353. The plaintiff must describe, in the complaint, both the underlying cause of action that was or is being impeded and its lost remedy, and provide specific factual allegations showing that the claim is not frivolous. Christopher v. Harbury, 536 U.S. 403, 414–16 (2002).

Plaintiff does not allege a denial of access to the courts claim under this standard. Although plaintiff alleges his lack of access to legal resources compromised his ability to challenge a

domestic violence protective order, he alleges in a different section of the complaint that this challenge was successful. (FAC (DE 6) at 11–12, 14). Because the order was vacated at plaintiff's request, he cannot show that he suffered a "lost remedy" with respect to this claim. Christopher, 536 U.S. at 414–16.

Moreover, to the extent plaintiff suggests that delays obtaining the proper forms or notary signature for his filing challenging the underlying protective order required him to remain in custody for a longer period of time,[2] that claim too is belied by plaintiff's own allegations in the FAC. The civil motion to vacate the protective order would not have resulted in plaintiff's release from custody. (See FAC (DE 6) at 14). Instead, and as plaintiff alleges, only the state criminal court had the authority to vacate the conviction. (Id.). And plaintiff admits that as of the date he filed the FAC the criminal court has not acted on his request for vacatur of the conviction. (See id. at 14).

As to the remaining claims related to access to the courts, plaintiff fails to explain how the underlying legal claims were impeded or that they were not frivolous. See Christopher, 536 U.S. at 414–16. Moreover, to the extent plaintiff is arguing that he has been denied access legal resources for his underlying criminal proceedings, the provision of counsel for indigent defendants satisfies any obligation to provide access to the courts for those proceedings. See United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir. 1978); see also Scott v. Heath, No. 88-6031, 1989 WL 134596, at *1 (4th Cir. Oct. 27, 1989). The fact that plaintiff refused to cooperate with his numerous attorneys and ultimately elected to proceed pro se for his criminal proceedings does not

---

[2] The court assumes without deciding that allegations of delayed provision of legal materials for a non-frivolous claim that results in delayed filing and therefore a longer period of incarceration are sufficient to make out an access to the courts claim.

change this result. See Chatman, 584 F.2d at 1360 ("[T]o the extent that it may be said that Bounds has any application to the instant case, the United States satisfied its obligation under the Sixth Amendment when it offered defendant the assistance of counsel which he declined."); United States v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995) ("The district court is not compelled to substitute counsel when the defendant's own behavior creates a conflict" especially where "any difficulties [the defendant] was experiencing were due to his own belligerence.")

Turning to the medical claims, plaintiff alleges that defendant Emily Benton ("Benton"), a nurse at the detention center, together with other defendants identified as John or Jane Does, provided inadequate medical care on several occasions. In order to state a claim for denial of medical care in this context, a pretrial detainee must allege:

> 1) [he had] a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). In other words, plaintiff must allege "the defendant acted or failed to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should have been known." Id.; see also Farmer v. Brennan, 511 U.S. 825, 836 (1994).

Plaintiff fails to allege these elements. For example, plaintiff alleges defendant Benton "denied releasing me with the mental health [medication] Buspar" and this caused plaintiff to return to his parents' residence "in a volatile unstable state." (FAC (DE 6) at 12). But plaintiff does not allege that defendant Benton refused to provide the medication with knowledge that this action/inaction posed an unjustifiably high risk of harm, or that she should have known of same.

5

Short, 87 F.4th at 611.  Moreover, plaintiff's conclusory assertion that he became "volatile" or "unstable" does not constitute a plausible claim that he was harmed by the refusal to provide the medication.  See Iqbal, 556 U.S. at 678; Nemet Chevrolet, 591 F.3d at 255 (noting "bare assertions devoid of further factual enhancement" are insufficient to state a claim).  And the fact that plaintiff missed a filing deadline because he was not permitted to remain at his parents' residence is not the type of medical harm required under Short.  See 87 F.4th at 611.

With respect to the remaining allegations of inadequate medical care, plaintiff first alleges that defendant Benton and other healthcare staff failed to provide care for an injured finger.  But this bare assertion does not state a plausible claim for the reasons noted above.  See also Iqbal, 556 U.S. at 678; Short, 87 F.4th at 611.  Finally, plaintiff asserts that an unnamed dentist at the detention center performed five extractions of his teeth that caused permanent disfigurement, pain and suffering.  (FAC (DE 6) at 15).  But plaintiff again fails to allege that this defendant knew or should have known that the action or inaction posed an unjustifiably high risk of harm.  Short, 87 F.4th at 611.  Moreover, to the extent plaintiff is alleging medical malpractice during the procedures, that is insufficient to state a claim under the Fourteenth Amendment.  See Jackson v. Lightsey, 775 F.3d 170, 178–79 (4th Cir. 2014) (explaining that while medical treatment may have deviated from the "accepted standard of care, standing alone [that] is insufficient to clear the high bar of a constitutional claim").

Plaintiff next alleges that defendants violated his constitutional rights by taking him into custody pursuant to North Carolina's civil commitment statute "without paperwork."  (FAC (DE 6) at 13).  But plaintiff offers no further allegations regarding the circumstances of this detention

and he fails to explain how the detention violated his constitutional rights. Accordingly, this claim also must be dismissed on initial review. See Iqbal, 556 U.S. at 678.

To the extent plaintiff asserts claims for false arrest or malicious prosecution, (FAC at 13–14), such claims are without merit. To state a claim for false arrest or malicious prosecution, plaintiff must allege that he was arrested or prosecuted in the absence of probable cause. See English v. Clarke, 90 F.4th 636, 646 (4th Cir. 2024) (noting that claim for false arrest requires proof that the plaintiff was "seized without probable cause" and defining probable cause); Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (elements of malicious prosecution claim). Probable cause exists when "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed . . . an offense." English, 90 F.4th at 646.

Under North Carolina law, it is a criminal offense to violate knowingly "valid" civil domestic violence protective orders. N.C. Gen. Stat. § 50B-4.1; State v. Byrd, 363 N.C. 214, 220–22 (2009). The term "valid" refers to whether the protective order was issued by a court of competent jurisdiction, complied with the statutory requirements under chapter 50B of the North Carolina General Statutes, and that it was in force at the time of the violation. See Byrd, 363 N.C. at 220–22. Thus, where plaintiff admits that he knowingly violated protective orders issued by the state court, that action standing alone constituted probable cause for his arrest. See English, 90 F.4th at 646; (FAC (DE 6) at 14). And even accepting plaintiff's allegation that he did know about the first order prior to his December 2023 arrest, he fails to allege that the arresting officers were aware of this fact or that they did not have reasonable cause to believe, based on the "circumstances shown," that he committed the offense. See English, 90 F.4th at 646; (FAC (DE 6) at 13).

7

The fact that plaintiff believes the protective orders were invalid does not change this result. Plaintiff indicates that he violated the orders because in his view they were unconstitutional. (See FAC (DE 6) at 14). But plaintiff fails to provide any further factual allegations explaining why the orders were unconstitutional or how a reasonable officer would have known same when arresting or prosecuting plaintiff. See English, 90 F.4th at 646. Nor does plaintiff suggest the orders were invalid because they failed to comply with chapter 50B of the North Carolina General Statutes or that they were issued by a court that lacked jurisdiction to do so.

Moreover, any malicious prosecution claim is barred because plaintiff does not allege that the criminal proceedings terminated in his favor. Evans, 703 F.3d at 647. Accordingly, the claims in the FAC must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also filed two motions to amend the FAC in which he requests leave to change the name of one defendant, and add a new defendant premised on the same allegations in the FAC. (DE 8, 9). The first motion to change name of defendant is denied as moot where the court will allow plaintiff to file one final amended complaint as discussed further below and plaintiff can update the name of defendant Fowler in that document. The second motion to add North Carolina Prisoner Legal Services ("NCPLS") as a defendant is denied where NCLPS is not a state actor subject to suit under § 1983. See Haavistola v. Comm. Fire Co. of Rising Sun, Inc., 6 F.3d 211, 215 (4th Cir.1993) (identifying situations in which conduct by a private entity constitutes "state action"); Bryant v. N.C. Prisoner Legal Servs., Inc., No. 92-6339, 1993 WL 291448, at *1 (4th Cir. Aug. 2, 1993) ("NCPLS and its attorneys are not state actors amenable to suit under 42 U.S.C. § 1983.") (per curiam).

D. Second Amended Complaint

Turning to plaintiff's final substantive proposed amended complaint (DE 17, hereinafter "SAC"), plaintiff alleges primarily that certain judicial officers in the North Carolina court system imposed excessive bail following his arrest on criminal charges, and improperly entered domestic violence protective orders against him. The judges and magistrates named in the SAC are immune from liability under § 1983 with certain exceptions not applicable here. Stump v. Sparkman, 435 U.S. 349, 356 (1978); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985); King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) ("Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges."). Moreover, to the extent plaintiff seeks injunctive relief with respect to the bail decisions, such claims are moot where the criminal charges now have been resolved.[3]

The remaining claims in the SAC are not a model of clarity. Plaintiff's allegations are rambling, disjointed, and he attempts to challenge virtually every aspect of his most recent arrests and the conditions of pretrial confinement. Neither the FAC nor the SAC provide a "short and plain statement showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).

Moreover, Federal Rule of Civil Procedure 20 does not allow multiple defendants to be joined in a single suit unless the plaintiff shows "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common

---

[3] The fact that plaintiff may be arrested and subject to the challenged bail policies in the future does not change the mootness analysis. Plaintiff is "able – and indeed required by law – to prevent such a possibility from occurring." Spencer v. Kemna, 523 U.S. 1, 13, 15 (1998); O'Shea v. Littleton, 414 U.S. 488, 497 (1974) ("We are . . . unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction.").

to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). And where the plaintiff is incarcerated, "[u]nrelated claims against different defendants belong in different suits [under Rule 20 and] to ensure that prisoners pay the required filing fees [pursuant to 28 U.S.C. § 1915(b)]." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Here, joinder of all named defendants is inappropriate under Rule 20. For example, plaintiff's allegations that certain detention officers forced him to wear prison clothes to court have no discernible connection to the claims challenging his arrest for violating a domestic violence protective order. See Saval, 710 F.2d at 1031; George, 507 F.3d at 607.

The court will allow plaintiff to file one amended complaint particularizing his claims consistent with the analysis in this order. This means, for example, that plaintiff should not include defendants in his final amended complaint who are immune from suit under the standard set forth above, or allege claims in which further amendment would not cure the defects discussed herein. As an example of the latter situation, plaintiff should not reassert his denial of access to the courts claim related to his criminal proceedings, because he was provided appointed counsel for those proceedings and no further amendment can cure that defect. Moreover, pursuant to Rule 20, any claims for denial of access to the courts related to attempts to challenge his conditions of confinement are distinct from his claims alleging denial of access to medical care and so must be brought in separate suits.

The amended complaint must be filed on the court's prescribed form for prisoner civil rights complaints,[4] and plaintiff must clearly identify the individual defendants and provide brief descriptions of how each defendant violated his rights under the standards articulated herein and consistent with the instructions in the foregoing paragraph. Finally, the amended complaint will be considered the complaint in its entirety and the court will not review plaintiff's prior filings to identify any misplaced claims. Failure to comply with the instructions set forth herein may result in dismissal of this action. See Fed. R. Civ. P. 41(b) (addressing court's authority to dismiss an action for failure to prosecute or comply with the court's prior orders)

E.   Plaintiff's Motions

In addition to the motions to amend the complaint addressed above, plaintiff moves for free copies of his filings (DE 12), for subpoenas (DE 24), and to consolidate this action with plaintiff's petition for writ of habeas corpus (DE 22). With respect to the motion for free copies, plaintiff must pay copying costs for the documents in the court file, and he may write to the clerk's office directly to obtain the charges associated with any particular filings. As a one-time courtesy, the court will provide plaintiff with copies of the original complaint (DE 1), the FAC (DE 6), and the SAC (DE 17), with attachments, to assist with drafting the final amended complaint. Going forward, however, plaintiff must pay the copying costs for any future filings.

Plaintiff's motion for subpoenas is denied as premature. Plaintiff may renew his requests for subpoenas in the event this action proceeds to the discovery phase after defendants are served with the complaint. In addition, and with the exception of any request for subpoenas to third-parties, discovery requests should be served on defendants through their counsel and not filed on

---

[4]   Although brevity is appreciated, plaintiff may attach additional pages to the form to the extent necessary.

the docket. See Local Civ. R. 26(a)(1)   Plaintiff should desist from filing any further discovery requests directed to defendants unless necessary to decide a motion.

Finally, plaintiff moves for leave to consolidate this action with a habeas corpus action he filed in this court captioned Potts v. Fowler, No. 5:24-HC-2240-M (E.D.N.C.).  Plaintiff's civil rights and habeas claims are distinct and each case has different filing fee and other procedural and substantive differences that make consolidation inappropriate.   Accordingly, this motion also is denied.

## CONCLUSION

Based on the foregoing, plaintiff's is DIRECTED to file one amended complaint within **21 days** of entry of this order particularizing his claims in the manner set forth above.  Plaintiff's motions to amend (DE 6, 8, 9, 17) are denied as moot, and all remaining motions (DE 12, 22, 24) are DENIED.  The clerk is DIRECTED to send plaintiff the prisoner civil rights package and one-time courtesy copies of docket entries one, 6, and 17, with any attached exhibits.  In the event plaintiff fails to respond to this order, the clerk shall, without further order of the court, terminate all pending motions as moot and enter judgment dismissing this action without prejudice for failure to prosecute.

SO ORDERED, this the 27th day of August, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge